UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Ningbo Peitebobi Chongwu Yongping Ltd., <br><br> *Plaintiff*, <br><br> v. <br><br> SharkNinja Operating LLC, <br><br> *Defendant*. | Case No. 2:26-cv-474 <br><br> **Complaint for Declaratory Judgment** <br><br> **Jury Trial Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff Ningbo Peitebobi Chongwu Yongping Ltd. (formerly known as "Pateboby," now operating under the name "Rellytech Direct"), ("Plaintiff") against Defendant, SharkNinja Operating LLC ("Defendant" or "SharkNinja"), seeking a declaratory judgment that Plaintiff's Air Fryer products ("Air Fryer") do not infringe Defendant's U.S. Patent No. 12,426,739 ("'739 Patent") and the '739 Patent is invalid. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Plaintiff's Air Fryer has not infringed any claim of the '739 Patent, directly, contributorily, or vicariously, and the '739 Patent is invalid. This action arises from Defendant's filing of Patent infringement complaint to Amazon against Plaintiff causing the listing for Plaintiff's Air Fryer removed by Amazon.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 1 et seq.

3. An actual case or controversy exists between the parties to this action. Defendant submitted infringement report to Amazon against Plaintiff alleging its '739 Patent was infringed by Plaintiff's Air Fryer. As a result, Amazon removed and suppressed Plaintiff's listing, materially disrupting Plaintiff's sales of the Air Fryer. Defendant's enforcement activities, coupled with Amazon's enforcement mechanisms, have caused and continue to cause significant damages to Plaintiff, thereby creating a continuing cloud over Plaintiff's U.S. business and an actual controversy under 28 U.S.C. § 2201 et seq.

4. This Court has specific personal jurisdiction over Defendant at least because Defendant purposefully directed patent-enforcement activities into this District by initiating and prosecuting an Amazon patent-enforcement proceeding against Plaintiff's Amazon listing, which foreseeably caused enforcement communications and actions by Amazon personnel located in Seattle, Washington, including removal of Plaintiff's listing and disruption of Plaintiff's sales. Such extra-judicial enforcement efforts aimed at causing marketplace takedowns within the forum constitute purposeful direction sufficient for specific jurisdiction. Each claim arises directly out of

Defendant's enforcement conduct directed at this forum, establishing minimum contacts consistent with Washington's long-arm statute, RCW 4.28.185, and due process.

5. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE PARTIES

**THE PLAINTIFF**

6. Plaintiff, Ningbo Peitebobi Chongwu Yongping Ltd. , is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located in Room 112, Building 10, No. 21, Lane 689, Changxing Road (Business Custody No. 1797), Jiangbei District, Ningbo, Zhejiang 315021, China.

**THE DEFENDANT**

7. Upon information and belief, SharkNinja Operating LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494.

8. Upon information and belief, SharkNinja Operating LLC is the registered applicant and assignee of the '739 Patent.

## FACTUAL BACKGROUND

9. Over the past twenty years, online retailing has revolutionized how companies reach American consumers. Electronic marketplaces combined with dramatically increased transport speed and improved logistics networks allow even relatively small companies to compete across thousands of miles. These developments have generally increased competition and lowered prices.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

10. Plaintiff sells the Air Fryer products on Amazon.com. Plaintiff has invested substantial resources in developing its listing, inventory, and customer relationships.

11. On February 2, 2026, Amazon issued Plaintiff a policy warning and notified Plaintiff that it had removed Plaintiff's listing for ASIN: B0FSLSTLLK based on a report alleging patent infringement, identifying the asserted IP as "12,426,739." Amazon's notice further identified: Infringement type: Patent; Complaint ID: 19032460291; Rights owner email: wseymour@sharkninja.com. Amazon explained that it removed the listing because it "received a report from a rights owner alleging they may infringe upon their utility patent." and advised that Plaintiff could contest the action through Amazon's appeal process. *See* Exhibit A.

12. Plaintiff disputes Defendant's allegations and denies that the Air Fryer infringe the '739 Patent.

13. Defendant's infringement report and Amazon's resulting enforcement action caused immediate and concrete harm to Plaintiff, including lost sales (and chilled prospective sales), damage to goodwill, disruption to inventory and advertising planning, and diversion of resources to address the complaint and appeal.

14. Amazon is Plaintiff's primary sales channel in the United States for the Air Fryer. To remain competitive, Plaintiff must maintain its product listing on Amazon. Defendant's enforcement conduct has already resulted in marketplace removal of Plaintiff's listing, disrupting Plaintiff's access to its most significant channel of trade and causing harm that is not readily quantifiable in damages.

**The '739 PATENT**

15. The '739 Patent was filed on September 12, 2024, and issued on September 30, 2025. A true and correct copy of the '739 Patent is attached hereto as Exhibit B.

16. The '739 Patent is entitled "Cooking Devices and Components Thereof." It has three independent claims and twenty dependent claims.

## COUNT I

**(Declaratory Judgment of Invalidity of U.S. Patent, No. 12,426,739)**

17. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

18. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning whether Plaintiff's Air Fryer infringes the '739 Patent, as evidenced by Defendant's enforcement activities directed to Plaintiff and Plaintiff's listing, as set forth above. A judicial declaration is necessary to determine the parties' respective rights with respect to the '739 Patent.

19. The '739 Patent is invalid under 35 U.S.C. § 102 and/or § 103 at least in light of the prior art cited herein.

20. U.S. Patent No. 3,831,002 to Mysicka et al. ("Mysick"), issued on August 20, 1974, qualifies as prior art to the '739 Patent. Mysick discloses a unitary vessel assembly comprising a closed-bottom vessel (a cast aluminum frypan) and a support base structure formed by combined handle and leg members. Significantly, Mysick teaches a support structure that is "fixed to opposed sidewalls" of the vessel via studs and fasteners, directly addressing the core structural limitation of the '739 Patent's Claim 1 regarding the attachment of the base. Furthermore, Mysick discloses that these support members are formed of heat-insulating material and support the vessel's bottom in a spaced relation to a support surface. Accordingly, Mysick anticipates and/or renders obvious one or more claims of the '739 Patent, either alone or in combination with other prior art. A copy of Mysick is attached as Exhibit C.

21. U.S. Patent No. 3,094,258 to Punke ("Punke"), issued on June 18, 1963, qualifies as prior art to the '739 Patent. Punke teaches adjustable vessel holders featuring side arms that grip a vessel. Specifically relevant to Claim 14 of the '739 Patent, Punke discloses a mechanical interlocking mechanism comprising a "rack bar" with teeth (indents) and a "pawl" (detent) arrangement. This reference demonstrates that using flexible, mating mechanical features (indents and detents) to secure a base or handle structure to a vessel was well-known in the art long before the priority date of the '739 Patent. Accordingly, Punke anticipates and/or renders obvious one or more claims of the '739 Patent, either alone or in combination with other prior art. A copy of Punke is attached as Exhibit D.

22. U.S. Patent No. 11,109,710 B2 to Gill et al. ("Gill"), issued on September 7, 2021, qualifies as prior art to the '739 Patent. Gill discloses a modern air fryer cooking system comprising a housing, a food container (vessel), and a lid assembly that delivers heated airflow into the cavity. Gill is particularly relevant for teaching the specific mechanical engagement features typically associated with removable air fryer baskets and handles, including the use of protruding locking elements and receiving recesses to secure components, as functionally recited in Claim 14. Additionally, Gill teaches the general system architecture of supporting a cooking device at a top opening to receive heated airflow. Accordingly, Gill anticipates and/or renders obvious one or more claims of the '739 Patent, either alone or in combination with other prior art. A copy of Gill is attached as Exhibit E.

23. U.S. Patent Application Pub. No. 2014/0021191 A1 to Moon et al. ("Moon"), published on January 23, 2014, qualifies as prior art to the '739 Patent. Moon teaches the fundamental "vessel assembly" configuration claimed in the '739 Patent, specifically a system where a cooking device (a power head with a fan and heater) is supported at the top opening of a

| COMPLAINT | GLACIER LAW LLP<br>506 Second Avenue, Suite 1516<br>SEATTLE, WA 98104<br>212-729-5049 |
|---|---|

vessel to deliver heated airflow into a cavity. Moon also discloses a base structure configured to support the vessel assembly on a countertop. Moon provides the primary structural baseline for the air frying system architecture claimed in the '739 Patent. Accordingly, Moon anticipates and/or renders obvious one or more claims of the '739 Patent, either alone or in combination with other prior art. A copy of Moon is attached as Exhibit F.

24.     U.S. Patent Application Pub. No. 2020/0146497 A1 to Shi et al. ("Shi"), published on May 14, 2020, qualifies as prior art to the '739 Patent. Shi addresses the "unitary vessel" limitation by disclosing a cooking system that utilizes a unitary inner container (such as a ceramic pot) with a closed bottom and a top opening, which is configured to receive an air fryer head. Shi teaches the interchangeability of lids on a standard closed-bottom vessel to enable air frying functionality. This reference contradicts the purported novelty of the '739 Patent's vessel configuration by showing such arrangements were known. Accordingly, Shi anticipates and/or renders obvious one or more claims of the '739 Patent, either alone or in combination with other prior art. A copy of Shi is attached as Exhibit G.

25.     U.S. Patent Application Pub. No. 2003/0192526 A1 to DeMars ("DeMars"), published on October 16, 2003, qualifies as prior art to the '739 Patent. DeMars discloses a portable vessel assembly comprising a bowl and a support stand (base) with handles. DeMars is particularly relevant to Claim 7 of the '739 Patent, as it teaches a structural arrangement where a gap exists between the vessel wall and the handle structure. This reference demonstrates that providing spacing between a hot cooking vessel and a user-contactable handle for thermal management or mechanical clearance was a conventional design choice in the art. Accordingly, DeMars anticipates and/or renders obvious one or more claims of the '739 Patent, either alone or in combination with other prior art. A copy of DeMars is attached as Exhibit H.

26. Thus, among the other basis, the '739 Patent is rendered obvious and/or anticipated by prior arts as listed above pursuant to the 35 U.S.C. §§ 102 and/or 103.

27. Therefore, Plaintiff seeks a declaratory judgment that the '739 Patent is invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112.

## COUNT II

**(Declaratory Judgment of Non-infringement of U.S. Patent, No. 12,426,739)**

28. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

29. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning whether Plaintiff's Air Fryer infringes the '739 Patent, as evidenced by Defendant's enforcement activities directed to Plaintiff and Plaintiff's listing, as set forth above. A judicial declaration is necessary to determine the parties' respective rights with respect to the '739 Patent.

30. Even assuming validity arguendo, Plaintiff's Air Fryer does not infringe because it lacks one or more elements required by the '739 Patent.

31. The Claim 1 requires, among other things, "a U-shaped base fixed to opposed sidewalls of the vessel." However, Plaintiff's Air Fryer does not include the claimed "U-shaped base." Instead, the Air Fryer comprises a continuous peripheral wall that encloses the bottom of the vessel on all sides (front, back, left, and right). It functions as a "receptacle," "housing," or "bowl," not a U-shaped bracket. A structure that is enclosed on four sides cannot literally be "U-shaped" (which implies openness on two sides), just as a cup is not a U-beam. Thus, Plaintiff's Air Fryer does not literally meet Claim 1's "U-shaped base" limitation, and does not infringe Claim 1. In addition, to the extent Defendant contends otherwise, any attempt to stretch "U-shaped base" to

cover a fully enclosed housing is barred by the prosecution history and the all-elements rule, including through prosecution history estoppel arising from the amendment narrowing the claim to "U-shaped base." Because Plaintiff's Air Fryer does not infringe independent Claim 1, it also does not infringe dependent Claims 2–6, either literally or under the doctrine of equivalents.

32. The Claim 7 requires, among other things, (i) "a handlebar positioned under the vessel," and (ii) "a gap … configured to be a thermal break between the vessel and the handlebar." Plaintiff's Air Fryer does not meet these limitations. Plaintiff's Air Fryer's handle structures are attached to the exterior periphery of the base housing. They are positioned laterally adjacent to the sidewalls of the vessel, extending outward from the side. No portion of the user-contactable handlebar is located vertically beneath the vessel's bottom surface. Further, Plaintiff's Air Fryer does not contain the claimed "gap" configured as a "thermal break." Instead, it employs a structural interface characterized by direct mechanical contact via reinforcing ribs. Accordingly, Plaintiff's Air Fryer does not infringe Claim 7, either literally or under the doctrine of equivalents. Because Plaintiff's Air Fryer does not infringe independent Claim 7, it also does not infringe dependent Claims 8–13, either literally or under the doctrine of equivalents.

33. The Claim 14 requires, among other things, a reciprocal "indent and detent" arrangement between the vessel sidewall and a connector plate, and further requires that "the connector plate is flexible." Plaintiff's Air Fryer does not meet these limitations. The vessel of Plaintiff's Air Fryer, however, features a single "protruding lock bolt" (or locking tongue). It lacks the claimed "indent" on the sidewall that receives a corresponding detent from the handle to secure the connection. Further, Plaintiff's Air Fryer is devoid of a "flexible" connector plate. The relevant structure on the Plaintiff's Air Fryer (the handlebar assembly) is rigid and non-flexible. Accordingly, Plaintiff's Air Fryer does not infringe Claim 14, either literally or under the doctrine

of equivalents. Because the Plaintiff's Air Fryer does not infringe independent Claim 14, it also does not infringe dependent Claims 15–23, either literally or under the doctrine of equivalents.

34. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that Plaintiff's Air Fryer does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '739 Patent. Plaintiff is also entitled to recover damages caused by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For judgment in favor of Plaintiff against Defendant on all claims.

2. Declaring that Plaintiff's Air Fryer does not infringe Defendant's '739 Patent.

3. Declaring that the '739 Patent is invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112.

4. Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiff's costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

5. Order by this Court that Defendant must immediately revoke any complaints or report of infringement of the '739 Patent made to Amazon and any other online marketplace, against Plaintiff with respect to Plaintiff's Air Fryer.

6. Preliminarily and permanently enjoin Defendant, its successors and assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce '739 Patent against Plaintiff, or any parents, affiliates, or subsidiaries of Plaintiff, as well as its respective officers, agents, employees, successors, and assigns.

7. Ordering Defendant to return to the Court with proof of compliance with this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

8. Awarding pre- and post- judgment interest.

9. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

### Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: February 9, 2026

By: /s/ *Ruoting Men*
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

*Counsel for Plaintiff*

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049